JAMES MORAN *vs.* BAY STATE TRAWLER CORPORATION.

Suffolk.    December 14, 1976. — December 31, 1976.

Present: HALE, C.J., GOODMAN, & BROWN, JJ.

*Seaman,* Maintenance and cure.    *Admiralty.*

Evidence warranted a finding that a seaman had a steady job as a member of the crew of a fishing vessel and that he was subject to call to perform work on the vessel while ashore between trips so that he was entitled to recover maintenance and cure from the owner of the vessel after he sustained injuries in a fire at a friend's house. [766]

CONTRACT.    Writ in the Municipal Court of the Dorchester District dated May 16, 1972.

Upon removal to the Superior Court, the action was tried before *Mitchell,* J.

*Frank H. Handy, Jr.,* for the defendant.
*Carroll E. Ayers* for the plaintiff.

HALE, C.J.    The plaintiff was employed as a seaman on the defendant's vessel Bay State. This case involves the plaintiff's claim under general admiralty and maritime law to recover for maintenance and cure after he sustained injuries in a fire. The jury's verdict was for the plaintiff. The defendant has appealed from a judgment entered on the verdict and from the denial of its motion for a new trial which was based on several grounds, only two of which have been argued on appeal. Those grounds are (1) that the verdict was against the evidence and (2) that the jury did not follow the judge's instructions. While the

issue before us is whether the judge abused his discretion in denying that motion, that issue is resolved by determining whether there was evidence upon which the jury could have found that the plaintiff was regularly employed as a crew member on the Bay State and that he was subject to being recalled to work on the vessel while it was in port. There was no error.

There was evidence from which the jury could have found that the plaintiff had a steady site (regular job) as a fisherman on the Bay State, a vessel owned by the defendant, and had sailed on eight or nine voyages in the period between July 1 and September 22, 1971. He remained ashore for one trip for personal reasons and rejoined the Bay State as a crew member for the trip which ended on October 14, 1971. Between trips his working clothes were left in his locker on the vessel. The average fishing voyage lasts from eight to twelve days, depending on the weather and the availability of fish. The usual in-port time is two days. While the ship was in port the plaintiff did not remain on the vessel but was free to go wherever he pleased. He was, however, subject to the call of the ship at any time. That is, if his presence should be needed for the performance of some work, he was required to return to the ship when called. His failure to respond to such a call could result in the loss of his steady site. The plaintiff had in the past been called back to the ship on at least two occasions. The plaintiff's regular residence on shore was at his brother's home in Boston, and he had left his brother's telephone number with the ship's agent.

On October 14 when the plaintiff left the Bay State, he intended to ship out on the next voyage which would begin on October 17. As the plaintiff left the captain said that he would see him the following day. The plaintiff went to his brother's home and from there visited a friend who lived nearby, first informing his brother where he was going and how he could be reached if the captain of the Bay State should call. The plaintiff returned to the vessel on the fifteenth and waited for the captain for about an hour and a half. When the captain did not appear

the plaintiff left. That night, while staying at his friend's house, the plaintiff was seriously burned, and as a result he was hospitalized for a long period of time.

The defendant makes no contention that the judge did not properly charge the jury on the issue of the defendant's liability to furnish the plaintiff maintenance and cure. It agrees that under general maritime and admiralty law the owner of a vessel on which a seaman regularly employed as a crew member is injured while on authorized shore leave, and while answerable to the call of duty, is liable for maintenance and cure during the period of time he is recovering from such injuries. See *Aguilar* v. *Standard Oil Co. of N.J.* 318 U.S. 724, 730 (1943); *Farrell* v. *United States,* 336 U.S. 511, 516-517 (1949).

The facts of the present case are similar to those found in *Palmer* v. *Boat Edith L. Boudreau, Inc.* 352 Mass. 179 (1967), and closely track the facts found in *Hunt* v. *Trawler Brighton, Inc.* 102 F. Supp. 300 (D. Mass. 1952). The latter case was cited with approval by the Supreme Judicial Court in the *Palmer* case. In each of those cases the claim for maintenance and cure was upheld.

With the foregoing in mind, it can hardly be said that there was no evidence upon which the jury could have based their finding, that they failed to follow the judge's instructions, or that the judge abused his discretion when he denied the defendant's motion.

> *Judgment affirmed.*
> *Order denying motion for a new*
> *trial affirmed.*